IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RONALD WAYNE LEWIS,**

      Plaintiff,

v.                                     Civil Action No. **3:10CV731**

**MACHELL BEACH,** *et al.*,

      Defendants.

## MEMORANDUM OPINION

Ronald Wayne Lewis, a former federal inmate proceeding *pro se* and *in forma pauperis*, brings this action.[1]  Lewis named Machell Beach and Joseph Penca as defendants.  In light of the liberality mandated by Lewis's *pro se* status, his complaint naming a federal defendant will be construed as seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which extends 42 U.S.C. § 1983[2] liability to federal officials.  Additionally, the United States provided notice that Lewis's claim of medical malpractice against Defendant Beach must proceed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq.* and that the United States should be substituted as the proper party

---

[1] Lewis filed this action on the standardized form for filing a complaint pursuant to 42 U.S.C. § 1983.

[2] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

defendant. The matter is before the Court on the Motion to Dismiss filed by the United States,

the Motions to Dismiss filed by Penca, and a host of motions filed by Lewis.

## I. LEWIS'S COMPLAINT

### A.    Summary of Allegations

Lewis makes the following allegations in his complaint:

> On August 16, 2010, I came to Rehabilitation Services, Inc., 7718 Warwick Blvd. Newport News, Virginia 23607 and I came with medical history from the Bureau of Prison and the medical history said no duty pending urology surgery, but my case manager Joseph Penca told me everything start over here and sent me to Doctor Machell Beach, who I showed the report from the Bureau of Prison saying no duty pending urology surgery. So, Dr. Beach clear me to work or did not say not to work so Joseph Penca my case manager put me to work so I work at Smithfield packing lifting 60 pound boxes about 3,000 a day and cause the two lumps in scrotum to rupture and injury occurred with swelling the size of a golf ball. My claim is medical malpractice against Doctor Machell Beach and Joseph Penca should know his job, but abuse his job title by not following the Bureau of Prison Report of no duty.

(Compl. 5.)[3] Lewis demands monetary damages and that the Court "impose sanction."

(*Id.* at 6.)

The above allegations suggest that, at the time Lewis executed the Complaint on October

5, 2010, the Federal Bureau of Prisons had recently released him. The Complaint further

indicates that Joseph Penca was a "case manager" (*id.* at 3), at "Rehabilitation Services" (*id.*

at 4), while Beach worked at "Peninsula Institute for Community" (*id.* at 1).

### B.    Summary of Claims

Liberally construed, the Court reads Lewis to make the following claims:

Claim 1(a)    Beach is liable under *Bivens* or 42 U.S.C. § 1983 because, in violation of Lewis's constitutional rights, she ignored Lewis's medical condition and required Lewis to work.

---

[3] The Court has corrected the capitalization and punctuation in the quotations to Lewis's submissions.

Claim 1(b)    Beach is liable under state law because she ignored Lewis's medical condition and required him to work.  Such action amounted to "medical malpractice." (Compl. at 5.)

Claim 2    Penca is liable under *Bivens* or 42 U.S.C. § 1983 because, in violation of Lewis's constitutional rights, he ignored Lewis's medical condition and required Lewis to work.

## C.    Substitution of the United States

On November 3, 2011, the United States filed a Notice of Substitution of the United States of America as Proper Party Defendant and Brief in Support Thereof ("Notice of Substitution") (Docket No. 33).  In that document and the supporting papers, the United States certified that during the events that gave rise to the Complaint, Dr. Beach was an employee of the United States for the purposes of the FTCA.[4]  The United States requested that Dr. Beach "be dismissed as a defendant in this action and the United States substituted as the named defendant.  28 U.S.C. § 2679(d)(2)."[5]  (Notice of Substitution 2 (internal footnote omitted).)  Nevertheless,

---

[4] Specifically, the United States Attorney certified:

> During the period at issue in the plaintiff's complaint (including August 16, 2010), the Peninsula Institute for Community Health, Inc., was deemed by the Secretary of Health and Human Services, to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g).  During this period, Dr. Machell Beach was an employee of Peninsula Institute for Community Health, Inc.  Accordingly, by operation of the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)–(n), Dr. Machell Beach, is deemed to be an employee of the United States for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671–80.

(Notice of Substitution Ex. 1 ¶ 2.)

[5] That statute provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district

3

the United States does not adequately explain why it should be substituted as the defendant for Lewis's claim that Dr. Beach violated his constitutional rights, Claim 1(a). *See Vélez-Díaz v. Vega-Irizarry*, 421 F.3d 71, 76–77 (1st Cir. 2005) (indicating where action raises both state law and constitutional claims against a federal employee, the United States should be substituted for the defendant only with respect to the state law claims); *Natal–Rosario v. Puerto Rico Police Dep't*, 639 F. Supp. 2d 174, 180–82 (D.P.R. 2009) (same). Accordingly, the United States will be SUBSTITUTED AS THE PROPER DEFENDANT ONLY WITH RESPECT TO CLAIM 1(b).[6]

## II. MOTION TO DISMISS BY THE UNITED STATES FOR LACK OF JURISDICTION

The United States has moved to dismiss Claim 1(b) pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), the Court affords Lewis's complaint "the same procedural protection" as one "would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation marks omitted). Accordingly, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* The plaintiff

---

and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).

[6] Thus, Claim 1(b) now reads:

Claim 1(b)    The United States is liable under the FTCA because Dr. Beach ignored Lewis's medical condition and required him to work. Such action constituted "medical malpractice." (Compl. at 5.)

4

bears the burden of proving the Court's jurisdiction. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing cases). The Court may consider evidence outside the pleadings in order to decide whether it has subject matter jurisdiction. *Id.* (citing cases).

The United States argues that the Court lacks subject matter jurisdiction over Claim 1(b) because Lewis failed to exhaust his administrative remedies as required by the FTCA. The United States is immune from suit except to the extent it consents by statute to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990) (*citing United States v. Testan*, 424 U.S. 392, 399 (1976)). The FTCA acts as a limited waiver of sovereign immunity, by permitting tort suits against the government. *Williams*, 50 F.3d at 305. Under the FTCA, the government consents to "actions for damages against the United States for injuries caused by the tortious conduct of United States agents or employees acting within the scope of their employment to the extent that a private party would be liable under state law." *Id.* (*citing* 28 U.S.C. § 1346(b)). Nevertheless, courts must "scrupulously observe[ ]" the requirements for securing the government's waiver. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (*citing United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)). Hence, a plaintiff must file his or her FTCA action "in careful compliance with its terms." *Id.* (citation omitted).

Under the FTCA, a federal court will not have jurisdiction over a tort suit against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (*citing Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976)). Thus, Lewis must

5

demonstrate that he has made an administrative claim in order to secure the government's consent to suit.[7] *See Kokotis*, 223 F.3d at 278.

Lewis fails to demonstrate that he filed an administrative claim with the appropriate federal agency, the Department of Health and Human Services ("DHHS").[8] *See McCluney v. United States*, No. 3:11–CV–121, 2011 WL 2360576, at *2 (E.D. Va. June 9, 2011). Meredith Torres, a Senior Attorney in the General Law Division, Office of General Counsel, swears that DHHS has "no record of an administrative tort claim filed by Ronald Wayne Lewis or an authorized representative relating to Peninsula Institute for Community Health, Inc., or Machell Beach, M.D." (Mem. Supp. Gov't's Mot. Dismiss (Docket No. 35) Ex. 1 ¶ 4.) Accordingly, the Motion to Dismiss Claim 1(b) (Docket No. 34) will be GRANTED. Within fifteen (15) days of the date of entry hereof, the United States shall INFORM the Court whether it will represent Beach in conjunction with Claim 1(a).

---

[7] According to the pertinent regulation, an administrative claim is deemed presented,

> when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).

[8] In his complaint, Lewis does not indicate that he pursued a written administrative claim with the DHHS. He merely indicates that he complained to prison authorities. (Compl. 4.)

## III.  PENCA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.      Standard for a Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980

F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering

a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662,

679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550

U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson,* 355 U.S. 41, 47

(1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and

conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations

omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the

speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

rather than merely "conceivable," *id.*  "A claim has facial plausibility when the plaintiff pleads

7

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States,* 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "In order to state a viable *Bivens* claim, a plaintiff must allege facts which indicate that a person acting under color of federal authority deprived him or her of a constitutional right." *Williams v. Burgess*, No. 3:09CV115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (footnote omitted) (*citing Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). "To be 'under color of authority,' the conduct must be 'cloaked with official power [and the official must] purport[ ] to be acting under color of official right.'"

8

*Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002) (alterations in original) (*quoting Lopez v. Vanderwater*, 620 F.2d 1229, 1236 (7th Cir. 1980)).

Here, Lewis has failed to allege facts indicating that Penca acted under color of state law or under color of federal authority. The Complaint indicates that Penca was a "case manager" (Compl. 3), employed by Rehabilitation Services, Inc. Nothing in the complaint suggests that Penca was employed by the federal government.[9] *See Minneci v. Pollard*, 132 S. Ct. 617, 623 (2012) (emphasizing the critical importance of a defendant's employment status). Although Rehabilitation Services may contract with the federal government to provide services to recently released federal inmates, such a contractual relationship "is not by itself enough to subject it to constitutional liability, let alone to create such liability for its individual private employees." *Holly v. Scott*, 434 F.3d 287, 293 (4th Cir. 2006) (internal citation omitted) (refusing to extend *Bivens* liability to an employee of a privately operated prison); *see Minneci*, 132 S. Ct. at 626 (same).[10] Accordingly, Lewis has failed to state a claim under 42 U.S.C. § 1983 or *Bivens* against Penca. Penca's Motion to Dismiss (Docket No. 18) will be GRANTED. Claim 2 will be DISMISSED. Penca's Motion to Dismiss for Lack of Jurisdiction (Docket No. 20) will be DENIED AS MOOT.

## IV. LEWIS'S MOTIONS

The Local Rules for this Court require that "[a]ll motions . . . be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F)(1). Lewis

---

[9] The United States represents that Penca is not a federal employee. (Notice of Substitution 2 n.1.)

[10] Lewis does not suggest that Virginia fails to provide adequate tort remedies for any alleged injury attributable to misconduct by Penca. *See Holly*, 434 F.3d at 295–96.

has submitted the following motions, which fail to comply with this requirement: a Motion for

Summary Judgment (Docket No. 26); a Motion for 42 U.S.C. § 1997(d) (Docket No. 28),

requesting, *inter alia*, to be placed in protective custody; a Motion for the Court to Appoint

Expert Urologist (Docket No. 32); a Motion for Expert Medical Doctor DO[11] (Docket No. 42);

and a Motion for a 28 U.S.C. 2677 (Docket No. 41) wherein he apparently wishes the Court to

direct counsel for the United States to settle the action. Because the foregoing motions fail to

comply with Local Rule 7(F)(1), they will be DENIED WITHOUT PREJUDICE.

Although the remainder of Lewis's motions also fail to comply with Local Rule 7(F)(1),

in the interests of justice, the Court will address these motions separately. Lewis filed two

motions requesting the appointment of counsel (Docket Nos. 14, 31). The Court need not

appoint counsel in a civil rights case unless the case presents complex issues or exceptional

circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *Cook v. Bounds*, 518

F.2d 779, 780 (4th Cir. 1975). This action presents no complex issues or exceptional

circumstances. Additionally, although Lewis has put little effort into researching his motion and

complying with the Local Rules, Lewis's pleadings demonstrate that he is competent to represent

himself in the action at this juncture. Accordingly, Lewis's motions for the appointment of

counsel (Docket Nos. 14, 31) will be DENIED WITHOUT PREJUDICE.

Finally, Lewis submitted a Motion for Supplemental Document (Docket No. 48) and a

Motion for Supplemental Documents (Docket No. 49) whereby he seeks to lodge medical

documents and other records with the Court. These motions (Docket Nos. 48, 49) will be

GRANTED in that the Court has filed Lewis's documents. Nevertheless, the Court does not act

---

[11] In this motion, Lewis simply states, "Doctor Machell Beach job title is a DO so let's
get a[n] expert to give his expert opinion." (Mot. Expert Med. Doctor DO 1.)

as a repository for all of Lewis's documents.  Future submissions by Lewis must be pertinent to some motion or other matter currently before the Court.

      An appropriate Order shall accompany this Memorandum Opinion.

/s/
_____
James R. Spencer
United States District Judge

Date: 7-26-12
Richmond, Virginia

11