IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD WAYNE LEWIS,

    Plaintiff,

v.                                                                                                                Civil Action No. 3:10CV731

MACHELL BEACH, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Ronald Wayne Lewis, a former federal inmate proceeding *pro se* and *in forma pauperis*, brings this action.[1] The matter is before the Court on the Motion for Reconsideration filed by the United States. For the reasons that follow, the Motion for Reconsideration will be GRANTED.

### I. PROCEDURAL HISTORY

Lewis made the following allegations in his Complaint:[2]

> On August 16, 2010, I came to Rehabilitation Services, Inc., 7718 Warwick Blvd., Newport News, Virginia 23607, and I came with medical history from the Bureau of Prison and the medical history said no duty pending urology surgery, but my case manager Joseph Penca told me everything start over here and sent me to Doctor Machell Beach, who I showed the report from the Bureau of Prison saying no duty pending urology surgery. So Dr. Beach clear me to work or did not say not to work so Joseph Penca, my case manager, put me to work so I work at Smithfield Packing lifting 60-pound boxes about 3,000 a day and cause the two lumps in scrotum to rupture and injury occurred with swelling the size of a golf ball. My claim is medical malpractice against Doctor Machell Beach and Joseph Penca should know his job, but abuse his job title by not following the Bureau of Prison Report of no duty.

(Compl. 5.)

---

[1] Lewis filed the action on the standardized form for filing a complaint pursuant to 28 U.S.C. § 1983.

[2] The Court has corrected the capitalization, spelling, and punctuation in the quotations to Lewis's submissions.

In light of the liberality mandated by Lewis's *pro se* status, the Court construed Lewis's complaint naming a federal defendant as seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which extends 42 U.S.C. § 1983[3] liability to federal officials. *Lewis v. Beach*, No. 3:10CV731, 2012 WL 3069409, at *1 (E.D. Va. July 27, 2012). Additionally, the United States provided notice that Lewis's claim of medical malpractice[4] against Defendant Beach must proceed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq.* and that the United States must be substituted as the proper party defendant. Given the foregoing circumstances, the Court construed Lewis's Complaint to raise the following claims:

> Claim 1(a)  [Dr.] Beach is liable under *Bivens* or 42 U.S.C. § 1983 because, in violation of Lewis's constitutional rights, she ignored Lewis's medical condition and required Lewis to work.
>
> Claim 1(b)  The United States is liable under the FTCA because Dr. Beach ignored Lewis's medical condition and required him to work. Such action constituted "medical malpractice." (Compl. 5.)
>
> Claim 2    Penca is liable under *Bivens* or 42 U.S.C. § 1983 because, in violation of Lewis's constitutional rights, he ignored Lewis's medical condition and required Lewis to work.

*Id.* at *1, *2 n.6.

---

[3] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[4] The United States did not construe Lewis's Complaint to raise a claim under *Bivens* against Dr. Beach.

2

By Memorandum Opinion and Order on July 27, 2012, the Court declined to substitute the United States with respect to Claim 1(a) and directed the United States to inform the Court whether it would represent Dr. Beach in conjunction with Claim 1(a). *Id.* at *2–3. The Court dismissed Claims 1(b) and 2. *Id.* at *3–4. Specifically, the Court found that Claim 1(b), Lewis's claim against the United States under the FTCA for Dr. Beach's conduct, must be dismissed for lack of jurisdiction because Lewis failed to exhaust his administrative remedies. *Id.* at *3.

The United States has moved for reconsideration of the July 27, 2012 Memorandum Opinion and Order with respect to Claim 1(a). The United States contends that Lewis cannot pursue a *Bivens* action against Dr. Beach.[5] Because the United States did not raise this particular argument in its prior Motion to Dismiss, by Memorandum Order entered on August 29, 2012, the Court informed the parties that it would treat the Motion for Reconsideration as a motion to dismiss Claim 1(a) and provided Lewis with notice of his opportunity to file an opposition to the Motion for Reconsideration.

After the entry of the August 29, 2012 Memorandum Order, Lewis did not file any further response to the Motion for Reconsideration. Prior to the entry of that Memorandum Order, however, Lewis filed Objections, a "MOTION FOR FAILURE TO TIMELY ANSWER PLAINTIFF COMPLAINT" and "MOTION FOR SUMMARY JUDGMENT." The Court previously reminded Lewis that the "Local Rules for this Court require that '[a]ll motions . . . be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." *Id.* at *4 (*quoting* E.D. Va. Loc. Civ. R. 7(F)(1)). Lewis's "MOTION FOR FAILURE TO TIMELY ANSWER

---

[5] The United States also sought an extension of time to comply with the July 27, 2012 Memorandum Opinion and Order until the Court ruled on the Motion for Reconsideration. The Motion for an Extension of Time (Docket No. 54) will be GRANTED.

3

PLAINTIFF COMPLAINT" (Docket Nos. 55) and "MOTION FOR SUMMARY JUDGMENT" (Docket No. 58) fail to comply with this requirement and will be DENIED.

## II. THE MOTION FOR RECONSIDERATION

At all times relevant to the Complaint, Dr. Beach was deemed an employee of the Public Health Service ("PHS").[6] Thus, the United States contends Lewis cannot pursue a *Bivens* or § 1983 claim against Dr. Beach, and Lewis's only remedy is against the United States under the FTCA. Specifically, the United States asserts that "the Supreme Court's decision in *Hui* [*v. Castaneda*, 130 S. Ct. 1845 (2010)] makes absolutely clear that a *Bivens* claim cannot be maintained against a PHS officer or employee performing a medical or related function, as such employees enjoy absolute immunity, and Plaintiff's exclusive remedy is against the United States pursuant to the FTCA." (Mem. Supp. Def.'s Mot. Recons. 5.)

In *Hui*, plaintiffs sought damages under *Bivens* and the FTCA against PHS employees for alleged medical negligence and constitutional violations. *See Hui*, 130 S. Ct. at 1849. The PHS employees claimed immunity from suit under *Bivens* pursuant to 42 U.S.C. § 233(a). *Id.* That statute provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where

---

[6] Specifically, the United States Attorney certified:

> During the period at issue in the plaintiff's complaint (including August 16, 2010), the Peninsula Institute for Community Health, Inc., was deemed by the Secretary of Health and Human Services, to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g). During this period, Dr. Machell Beach was an employee of Peninsula Institute for Community Health, Inc. Accordingly, by operation of the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)–(n), Dr. Machell Beach, is deemed to be an employee of the United States for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671–80.

(Notice of Substitution (Docket No. 33) Ex. 1 ¶ 2.)

the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, *shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.*

42 U.S.C.A. § 233(a) (emphasis added). The Supreme Court concluded that "§ 233(a) precludes *Bivens* actions against individual PHS officers or employees for harms arising out of conduct described in that section." *Id.* at 1854. "Section 233(a) makes the FTCA remedy against the United States 'exclusive of any other civil action or proceeding' for any personal injury caused by a PHS officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'" *Id.* at 1848 (*quoting* 42 U.S.C. § 233(a)).

Here, Lewis seeks damages from Dr. Beach "for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions" while she was "acting within the scope of [her] office or employment." 42 U.S.C. § 233(a). Thus, Lewis cannot proceed under *Bivens* or 42 U.S.C. § 1983 for such a claim and the FTCA is his exclusive remedy. *Hui*, 130 S. Ct. at 1851, 1854. Furthermore, as previously noted, any claim by Lewis under the FTCA for Dr. Beach's conduct must be dismissed because Lewis failed to exhaust his administrative remedies. *Lewis v. Beach*, No. 3:10CV731, 2012 WL 3069409, at *3 (E.D. Va. July 27, 2012). Accordingly, the Motion for Reconsideration (Docket No. 52) will be GRANTED. Lewis's remaining claim against Dr. Beach will be DISMISSED and the action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ 
John A. Gibney, Jr.
United States District Judge

Date: 11/6/12
Richmond, Virginia

5